## IN RE AZAREON Y. ET AL.*
(AC 34691)

Lavine, Robinson and Espinosa, Js.

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79a-12, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Argued October 15—officially released November 20, 2012**

*James P. Sexton,* for the appellant (respondent mother).

*Susan T. Pearlman,* assistant attorney general, with whom, on the brief, were *George Jepsen,* attorney general, and *Gregory T. D'Auria,* solicitor general, for the appellee (petitioner).

*Christine Perra Rapillo, Shelley A. White* and *Sarah Healy Eagan* filed a brief for the office of the chief public defender et al. as amici curiae.

*Opinion*

LAVINE, J. The respondent mother, Shayna Y., appeals from the judgments of the trial court, *Cofield, J.,* terminating her parental rights with respect to her

---

** November 20, 2012, the date this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

minor son and daughter, pursuant to General Statutes § 17a-112 (j) (3) (B) (i) for failure to achieve such a degree of personal rehabilitation as would encourage the belief that, within a reasonable time, she could assume a responsible position in the lives of her children.[1] On appeal, the respondent claims that (1) § 17a-112 is not tailored sufficiently narrow to secure the best interests of her children without violating her substantive rights to due process under the state and federal constitutions and (2) the court abused its discretion and violated her rights to due process under the federal constitution by failing to hold, sua sponte, a hearing to determine her competency to stand trial.[2] We affirm the judgments of the trial court.

In its oral memorandum of decision, the court made the following findings of fact by clear and convincing evidence. When the respondent, who was born in 1989, was a young child, she was removed from her own mother's care and placed in the custody of her maternal aunt. The respondent did not do well in school and, at the age of ten and one-half years old, was referred to Riverview Hospital. She has been diagnosed with attention deficit hyperactivity disorder, anxiety and

---

[1] The court also rendered judgment terminating the parental rights of the respondent John Doe with respect to his minor son on the grounds of abandonment and no ongoing parent-child relationship pursuant to § 17a-112 (j) (3) (A) and (D). The court terminated the parental rights of the respondent Frederick R. with respect to his minor daughter on the ground of failure to achieve such a degree of personal rehabilitation as would encourage the belief that, within a reasonable time, he could assume a responsible position in the life of his daughter pursuant to § 17a-112 (j) (3) (B) (i). Neither of the fathers is a party to this appeal. In this opinion, respondent refers to Shayna Y.

[2] The office of the chief public defender, Center for Children's Advocacy, Inc., and New Haven Legal Assistance Association, Inc., jointly filed a brief in support of the respondent's position.

Counsel for the children has taken the position that the judgments terminating the respondent's parental rights with respect to her minor son and daughter should be affirmed.

depression. Medication will not help the respondent's memory and judgment problems. The court found that the respondent is transient and unemployed and has mental health and domestic violence issues. She exhibits poor parenting skills, a failure to perceive safety issues and poor judgment. The respondent has received a variety of services from Hartford Behavioral Health, Village for Children and Family and Klingberg Family Services, but either has not completed the programs offered or was not able to benefit from them.

The respondent gave birth to her son in 2008 and to her daughter in 2009. A social worker from the department of children and families removed the children from the respondent's home in November, 2010, pursuant to a ninety-six hour hold. The petitioner, the commissioner of children and families, filed a motion for an order of temporary custody on November 12, 2010. On May 10, 2011, the court, *Dyer, J.*, adjudicated the children neglected and ordered specific steps for the respondent. On September 20, 2011, the petitioner filed petitions to terminate the respondent's parental rights with respect to her son and her daughter. Since October 13, 2011, the children have resided with the respondent's maternal aunt, a licensed foster parent, who has presented herself as an adoptive resource.[3] Judge Cofield granted the petitions to terminate the respondent's parental rights with respect to her minor son and daughter on May 18, 2012, after finding that termination was in the best interests of the children. The court found that the children were in need of a secure and permanent environment. This appeal followed.

On appeal, the respondent concedes that "her cognitive limitations preclude reunification with her children as a viable means of providing a stable environment for them going forward." Nonetheless, she claims that

---

[3] The maternal aunt is agreeable to an open adoption.

(1) § 17a-112 is unconstitutional as applied to her because it violates her substantive due process rights under the federal and state constitutions[4] and (2) that the court denied her due process under the federal constitution by failing to order, sua sponte, an evaluation to determine whether she was competent to understand the proceedings and assist her counsel. The respondent acknowledges that she failed to preserve either of her claims at trial and, therefore, on appeal, seeks to prevail under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).

An appellant "can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the [appellant] of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the [appellant's] claim will fail. The appellate tribunal is free, therefore, to respond to the [appellant's] claim by focusing on whichever condition is most relevant in the particular circumstances.

"The [appellant] bears the responsibility for providing a record that is adequate for review of his claim of constitutional error. If the facts revealed by the record

---

[4] The respondent and the amici curiae acknowledge the state's compelling interest in protecting the health, safety and welfare of its children. They argue, however, that § 17a-112 is overly broad as it does not require the court to consider whether termination of a parent's parental rights with respect to her child is the least restrictive alternative to achieve the best interest of the child. They claim that, during the dispositional phase of this case, the court should have been required to find by clear and convincing evidence that the intervention ordered is the least restrictive means necessary to ensure the safety and well-being of the children.

are insufficient, unclear or ambiguous as to whether a constitutional violation has occurred, we will not attempt to supplement or reconstruct the record, or to make factual determinations, in order to decide the [appellant's] claim." (Emphasis in original.) Id.

I

The respondent's first claim is that § 17a-112, as applied to her, denied her substantive due process of law because, during the dispositional phase of trial,[5] the court did not find by clear and convincing evidence that there was no permanency plan that would have secured the best interests of her son and daughter that was less restrictive than termination of her parental rights with respect to her children. The record is inadequate for our review of the respondent's claim.

Section 17a-112 (k)[6] prescribes the factual findings a court must make by clear and convincing evidence

[5] "The legal framework for deciding termination petitions is well established. [A] hearing on a petition to terminate parental rights consists of two phases: the adjudicatory phase and the dispositional phase. During the adjudicatory phase, the trial court must determine whether one or more of the . . . grounds for termination of parental rights set forth in § 17a-112 . . . exists by clear and convincing evidence. . . . If the trial court determines that a statutory ground for termination exists, then it proceeds to the dispositional phase. During the dispositional phase, the trial court must determine whether termination is in the best interests of the child. . . . The best interest determination also must be supported by clear and convincing evidence." (Citations omitted; internal quotation marks omitted.) *In re Davonta V.*, 285 Conn. 483, 487–88, 940 A.2d 733 (2008); see also General Statutes § 17a-112 (k).

[6] General Statutes § 17a-112 (k) provides in relevant part: "[I]n determining whether to terminate parental rights under this section, the court shall consider and shall make written findings regarding: (1) The timeliness, nature and extent of services offered . . . (2) whether the Department of Children and Families has made reasonable efforts to reunite the family . . . (3) the terms of any applicable court order entered into and agreed upon . . . (4) the feelings and emotional ties of the child with respect to the child's parents . . . (5) the age of the child; (6) the efforts the parent has made to adjust such parent's circumstances, conduct, or conditions to make it in the best interest of the child to return such child home in the foreseeable future . . . (7) the extent to which a parent has been prevented from maintaining a meaningful relationship with the child . . . ."

in deciding whether the termination of parental rights is in the best interest of the child. In a termination of parental rights proceeding, the "statutory criteria must be strictly complied with before termination can be accomplished." (Internal quotation marks omitted.) *In re Dorrell R.*, 64 Conn. App. 455, 463, 780 A.2d 944 (2001). The record contains the petitioner's permanency plan but is devoid of alternatives, and the respondent has not indicated that she requested that the court consider any alternatives. Moreover, the court's memorandum of decision does not indicate whether the court considered a permanency plan other than the one advocated by the petitioner, and the respondent did not ask the court to articulate whether it had considered other options. See Practice Book § 66-5.

"Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the respondent's claims] would be entirely speculative." (Internal quotation marks omitted.) *State* v. *Duteau*, 68 Conn. App. 248, 254, 791 A.2d 591, cert. denied, 260 Conn. 939, 835 A.2d 58 (2002). The respondent's claim fails for lack of an adequate record.

## II

The respondent's second claim is that the court deprived her of her right to due process under the federal constitution by failing to order, sua sponte, a competency examination to determine whether she had the cognitive ability to understand the nature of the proceedings and could assist her counsel.[7] The respondent concedes that she did not preserve her claim, but seeks reversal of the judgments pursuant to *State* v.

[7] In her brief, the respondent has alternately used the terms competency evaluation and competency hearing.

*Golding*, supra, 213 Conn. 239–40. We decline to reverse the judgments.

In support of her claim, the respondent relies on the evidence presented by various service providers and psychologists regarding her cognitive ability, mental health and lack of judgment as a parent. The respondent, however, has failed to direct us to any evidence that a person qualified to do so indicated to the court that she was not competent to understand the nature of the proceedings and to assist her appointed counsel. Neither did her counsel indicate to the court that the respondent was unable to assist him. Although there is evidence in the record of the respondent's impaired cognitive function, the record lacks the "specific factual allegations"; (internal quotation marks omitted) *In re Alexander V.*, 223 Conn. 557, 566, 613 A.2d 780 (1992);[8] that she could not "understand the proceedings or assist in the presentation of her case." Id., 568.

"[T]here is no statute or court rule requiring a trial court in a termination proceeding to hold a hearing to determine a parent's competency. In the termination setting, only General Statutes § 45a-708 (a) addresses the competency issue. That provision requires that a guardian ad litem be appointed for a parent who 'appears' to be . . . incompetent. The plain language of § 45a-708 (a) does not provide for an evidentiary hearing, nor does it require any particular measures beyond the appointment of a guardian to protect the rights of an incompetent person facing the termination of parental rights." Id., 562.

[8] The relevant certified issue in *In re Alexandra V.*, supra, 223 Conn. 557, was "[u]nder what circumstances does the due process clause of the United States constitution require a determination of parental competency as a prerequisite to a proceeding for the termination of parental rights? Were there sufficient indicia of incompetence in this case to have required the trial court to inquire into competency, sua sponte?" *In re Alexander V.*, 220 Conn. 927, 598 A.2d 366 (1991).

"By definition, a mentally incompetent person is one who is unable to understand the nature of the termination proceeding and unable to assist in the presentation of his or her case. . . . Simply appointing a guardian ad litem for a parent in such a condition might well fail to protect the parent sufficiently against an unreliable adjudication terminating parental rights." (Citations omitted.) Id., 563.

In a criminal case, a "defendant who appeals on the basis of a trial court's failure to conduct an evidentiary inquiry into his competence must make a showing that the court had before it specific factual allegations that, if true, would constitute substantial evidence of mental impairment. . . . Substantial evidence is a term of art. Evidence encompasses all information properly before the court, whether it is in the form of testimony or exhibits formally admitted or it is in the form of medical reports or other kinds of reports that have been filed with the court. Evidence is substantial if it raises a reasonable doubt about the defendant's competency . . . . The decision to grant [an evidentiary] hearing [into a defendant's competence] requires the exercise of sound judicial discretion." (Citations omitted; internal quotation marks omitted.) *State* v. *George B.*, 258 Conn. 779, 786–87, 785 A.2d 573 (2001).

In *In re Alexander V.*, our Supreme Court concluded that "due process does not require a competency hearing in all termination cases but only when (1) the parent's attorney requests such a hearing, or (2) in the absence of such a request, the conduct of the parent reasonably suggests to the court, in the exercise of its discretion, the desirability of ordering such a hearing sua sponte. In either case, the standard for the court to employ is whether the *record before the court contains specific factual allegations* that, if true, would constitute substantial evidence of mental impairment. . . . Evidence is substantial if it raises a reasonable doubt about the [parent's] competency . . . ." (Citations

omitted; emphasis added; internal quotation marks omitted.) *In re Alexander V.*, supra, 223 Conn. 566.

On the basis of our review of the record, we conclude that the court's failure to order sua sponte a competency evaluation did not constitute an abuse of its discretion. The record is devoid of specific factual allegations that the respondent did not understand the nature of the termination proceeding or was unable to assist her counsel. Our conclusion is consistent with the decisions of our Supreme Court and this court in cases where a similar claim has been raised on a similar factual record. See *In re Kaleb H.*, 306 Conn. 22, 26, 28–30, 48 A.3d 631 (2012) (record insufficient to trigger court's purported obligation to order competency evaluation when child's mother claimed she did not know what she was signing when she agreed to neglect adjudication); *State* v. *George B.*, supra, 258 Conn. 787–88 (defendant understood and answered responsively questions asked of him; although answers to questions asked of him were strange, defendant did not demonstrate lack of knowledge as to nature of proceedings); *In re Alexander V.*, supra, 223 Conn. 567 (despite testimony from psychologist that mother suffered from borderline personality disorder and its affects on ability to parent, other evidence tended to indicate mother mentally competent); *In re Anna Lee M.*, 104 Conn. App. 121, 124 n.2, 931 A.2d 949 (question of whether children's mother competent to stand trial never raised despite evidence of her mental disability; inadequate record for review), cert. denied, 284 Conn. 939, 937 A.2d 696 (2007); *In re Brendan C.*, 89 Conn. App. 511, 521–23, 874 A.2d 826 (despite father's diagnosis of mild mental retardation, his testimony at trial demonstrated he understood purpose of proceeding to terminate his parental rights), cert. denied, 274 Conn. 917, 879 A.2d 893, 275 Conn. 910, 882 A.2d 669 (2005); *In re Amanda A.*, 58 Conn. App. 451, 460–61, 755 A.2d 243 (2000) (summary review where

nothing in record to support claim that children's mother lacked ability to understand nature of proceedings or to assist counsel); *In re Lori Beth D.*, 21 Conn. App. 226, 230–31, 572 A.2d 1027 (1990) (no plain error where court fails to appoint guardian ad litem for father who, despite mental illness, did not appear incompetent at trial). For the foregoing reasons, we conclude that the court did not abuse its discretion by failing to order sua sponte a competency evaluation of the respondent.

The judgments are affirmed.

In this opinion the other judges concurred.